# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SANDRA KANE KARWEL,**

   **Plaintiff,**

**v.**                 **Case No: 6:15-cv-597-Orl-37KRS**

**CITY OF PALM BAY, JOSEPH POTEAT, SHERRY POTEAT, BOB WILLIAMS, LEE FELDMAN, SUSAN HANN, ANDREW LANNON, WILLIAM CAPOTE, PALM BAY POLICE DEPARTMENT, DOUGLAS MULDOON, NEIL VALENTI, YVONNE MARTINEZ, RICKY WORONKA, CHRISTOPHER RICHARDS, STEVE SHYTLE, SHANE M. CARROLL, MICHAEL BANDISH, CAROL VAZQUEZ, ROBERT VICKERS, ROBERT RAMA, STEVE HILL, SEAN MERTENS, EDWIN LUTZ, TROY RAMIREZ, MARK FOSKEY, HEDI HUNTER, PALM BAY CODE ENFORCEMENT, ANGELICA MARTINEZ, JOHN DEVIVO, VAL CARTER, PALM BAY UTILITIES DEPARTMENT, SUZANNE SHERMAN, RE SUPPORT SERVICES, TRASSA GEACH, BREVARD TAX COLLECTOR, LISA CULLEN, BREVARD PROPERTY APPRAISER, DANA BLICKLEY, BREVARD CLERK OF COURT, SCOTT ELLIS, STATE ATTORNEY OF BREVARD COUNTY, PHIL ARCHER, TYLER CHASEZ, MELISSA PEAT, MICHAEL J. CANNON, WILL SCHEINER, JULIA A. LYNCH, SEAN M. SENRA, JASON A. HICKS, PAUL WIGHT, PALM BAY HOSPITAL INC., DAVID MATHIAS, SPACE COAST CREDIT UNION, DOUGLAS R. SAMUELS, BANK OF AMERICA, GENERAL COUNSEL, PSYCHOLOGICAL ASSOCIATES OF**

**MELBOURNE, WENDE J. ANDERSON, ELISABETH BEASLEY, ADVANCED TOWING, LAW OFFICE OF FRESE, HANSEN, ANDERSON, ANDERSON, HEUSTON AND WHITEHEAD, GREG HANSEN, GARY FRESE, WESH 2, GENERAL COUNSEL, WFTV 9, GENERAL COUNSEL, NEW 13, GENERAL COUNSEL, FLORIDA TODAY NEWSPAPER, GENERAL COUNSEL, BESS, BLOUGOURAS, JONES, AND FREYBERG, P.A., CAROL BESS, ROSE MARIE JUDISINGH, JANE DOE, JOHN DOE and CINDY,**

                    **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)** |
| **FILED:** | **April 13, 2015** |

## I.    BACKGROUND.

On April 13, 2015, Plaintiff Sandra Karwel, acting *pro se*, filed a complaint against seventy-two named defendants.  Doc. No. 1; Doc. No. 1-1.  The complaint, which is eighty-nine pages long, includes 373 numbered paragraphs and many additional subparagraphs.  Doc. No. 1; Doc. No. 1-1.  The pleading sets forth eight counts: (1) "Violation of Plaintiff['s] Federal Civil Rights, Pursuant to First, Fifth, and Fourteenth Amendment[s] to the United States Constitution," Doc. No. 1-1, at 11–12; (2) "Government Infringement," *id.* at 12–13; (3) "Conspiracy," *id.* at 13–15; (4) "Plaintiff Is Not a Taxpayer and Her Shelter, Home Is Not Taxable," *id.* at 15–16; (5) "Violation of

Plaintiff's 'Due Process Rights,'" *id.* at 16–19; (6) "Fraud in Totality," *id.* at 19–26; (7) "Theft and Dealing in Stolen Property; Grand-Thief-Auto of Plaintiff's 1998 Chevy S-10 Truck," *id.* at 26–27; and (8) "Defamation," *id.* at 27–28.   Karwel also filed an application to proceed *in forma pauperis*, which has been referred to me for review.   Doc. No. 2.

## II.      ANALYTICAL STANDARD.

Prior to determining whether a plaintiff qualifies to proceed *in forma pauperis*, a court has the authority, under 28 U.S.C. § 1915(e)(2), to review the plaintiff's complaint to determine whether it should be dismissed.   *Postell v. Fifth Third Bank*, No. 6:13-cv-60-Orl-18TBS, 2013 U.S. Dist. LEXIS 26029, at *1 (M.D. Fla. Feb. 4, 2013), *adopted by* 2013 U.S. Dist. LEXIS 26025 (M.D. Fla. Feb. 26, 2013).   Section 1915(e)(2) requires the court to dismiss an action if it concludes that the pleading "is frivolous or malicious," "fails to state a claim," or "seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C. § 1915(e)(2).   "A claim is frivolous if it is without arguable merit either in law or fact."   *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). A complaint states a claim "if it contains enough factual allegations to raise a right to relief 'above the speculative level.'"   *Hilderbrandt v. Butts*, 550 F. App'x 697, 699 (11th Cir. 2013) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (unpublished opinion cited as persuasive authority).   To comply with Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

Although a court should construe *pro se* pleadings liberally, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), a *pro se* plaintiff is still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure," *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

## III.   DISCUSSION

Karwel's eight count complaint, which spans eighty-nine pages and contains 373 paragraphs and many additional subparagraphs, is a quintessential "shotgun" pleading.   A typical shotgun pleading contains multiple counts and incorporates by reference all antecedent allegations into each count.   *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006); *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). These pleadings also often "lump[] multiple claims together in one count, and . . . appear[] to support a specific, discrete claim with allegations that are immaterial to that claim." *Ledford v. Peeples*, 657 F.3d 1222, 1239 (11th Cir. 2011).   Pleading in such a manner makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).   Because of the profound ambiguities they create, shotgun pleadings are "in no sense the 'short and plain statement of the claim' required by Rule 8 of the Federal Rules of the Civil Procedure." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (quoting Fed. R. Cir. P. 8(a)(2)).

Instead, "[t]he result is that each count is replete with factual allegations that could not possibly be material to that specific count, and that any allegations that are material are buried beneath innumerable page of rambling irrelevancies." *Id.*   Shotgun pleadings, therefore, wreak havoc on the judicial system and divert judicial resources into disputes that have not been structured in a way that will efficiently use those resources.   *Wagner v*, 464 F.3d at 1279.   In light of these concerns, the Eleventh Circuit has repeatedly made clear that, when faced with a shotgun pleading, the district court should, *sua sponte*, strike the plaintiff's complaint and instruct the plaintiff to replead.   *E.g.*, *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1127 (11th Cir. 2014); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 984 (11th Cir. 2008); *Anderson*, 77 F.3d at 366.

In this case, Karwel's complaint does not begin its specific counts until the seventy-first page, after she has set already forth 334 numbered paragraphs.  Doc. No. 1; Doc. No. 1-1.  Each of Karwel's eight counts incorporates by reference those 334 paragraphs, even though the disjointed factual and legal conclusions contained in those paragraphs plainly do not relate to all counts.  Doc. No. 1-1 ¶¶ 335–39, 348, 372–73.  Karwel also improperly combines multiple claims in her first count.  *See Ledford*, 657 F.3d at 1239.  Accordingly, the complaint constitutes an impermissible shotgun pleading and should be stricken.

## IV.  RECOMMENDATIONS

In light of Karwel's pleading deficiencies, I **RESPECTFULLY RECOMMEND** that Karwel's complaint be **STRICKEN**.  I further **RECOMMEND** that Karwel be given leave to file an amended complaint that corrects her pleading deficiencies and complies with the Federal Rules of Civil Procedure within thirty (30) days of the entry of the Court's order striking the complaint.  If such leave is granted, Karwel should prepare an amended complaint that complies with the Federal Rules of Civil Procedure and the following requirements:

Each alleged violation should be set forth in a separate count, and the legal basis for each count (i.e., constitutional provision, treaty, statute, or common law cause of action) should be explicitly stated.  Within each count, Karwel must include sufficient facts to show that each of her claims for relief is plausible with respect to *each defendant* against which the count is asserted.  For each count, Karwel must also allege some causal connection between each named defendant and the injuries allegedly sustained.  To the extent any count alleges fraud, the count must state with particularity the circumstances constituting fraud and the purported role each individual played in the scheme.  *See Postell*, No. 6:13-cv-60-Orl-18TBS, 2013 U.S. Dist. LEXIS 26029, at *6.  Moreover, the amended complaint should set forth a statement of this Court's jurisdiction over each

defendant, as well as sufficient facts for this Court to determine that the exercise of jurisdiction as to each named defendant is warranted.

In light of the foregoing, I further **RECOMMEND** that Karwel's motion to proceed *in forma pauperis* be **DENIED without prejudice**.  If Karwel files an amended complaint, she should contemporaneously file a new motion to proceed *in forma pauperis*.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 20, 2015.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy